Michael **KLINE,** Plaintiff—Appellant,

v.

Dena R. **KLINE,** Defendant—Appellee.

No. 07–15500.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 17, 2008.*

Filed Jan. 14, 2009.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Joseph E. Collins, Esq., Robert Collins, Esq., Collins & Collins, Phoenix, AZ, for Plaintiff–Appellant.

William James Fisher, Esq., Law Offices of WM James Fisher, Phoenix, AZ, for Defendant–Appellee.

Before: GOODWIN, WALLACE, and RYMER, Circuit Judges.

## MEMORANDUM **

Michael Kline ("Michael") appeals from the district court's judgment dismissing Michael's action against Dena Kline ("Dena"), brought under the Hague Convention, requesting return of their children to Mexico. We have jurisdiction under 28 U.S.C. § 1291. We review for clear error the district court's findings of fact and de novo its conclusions about United States, foreign, and international law, *Shalit v. Coppe,* 182 F.3d 1124, 1127 (9th Cir.1999), and we vacate and remand for further proceedings consistent with this disposition.

The Arizona state court decision was not pursuant to the Hague Convention and therefore did not preclude the district court's adjudication of the Hague Convention claim. *See* 42 U.S.C. § 11603(g); *Holder v. Holder (Holder I),* 305 F.3d 854, 864–66 (9th Cir.2002) (when a parent brings an action under the Hague Convention in federal court after a previous custody proceeding in state court, the federal court must accord preclusive effect to the state court's determination only if the state court actually adjudicated a Hague Convention claim). The record indicates that Dena filed an emergency petition under the Hague Convention, but did not serve it on Michael, and the state court did not make a determination of the children's "habitual residence" under the Hague Convention. *See Holder v. Holder (Holder II),* 392 F.3d 1009, 1014–15 (9th Cir.2004) ("habitual residence" is a threshold determination under the Hague Convention). The district court erred in concluding that the state court adjudicated Michael's Hague Convention claim and is instructed on remand to conduct an evidentiary hearing to determine habitual residence and wrongful removal under the Hague Convention.

No costs are awarded on appeal.

**VACATED and REMANDED.**

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.