**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL KLINE, | No. 10-15127 |
| Plaintiff-Appellant, | D.C. No. 2:06-cv-02844-SRB |
| v. | |
| DENA R. KLINE, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Susan R. Bolton, District Judge, Presiding

Submitted September 2, 2011[**]
San Francisco, California

Before: FISHER and RAWLINSON, Circuit Judges, and MILLS, Senior District
Judge.[***]

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Richard Mills, Senior United States District Judge for
the Central District of Illinois, sitting by designation.

Michael Kline ("Michael") appeals the district court's entry of judgment in favor of Dena R. Kline ("Dena"). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Michael brought this action, seeking the return of minor children under the Hague Convention on the Civil Aspects of International Child Abduction ("the Hague Convention"), as implemented by the International Child Abduction Remedies Act, 42 U.S.C. §§ 11601-11610.

We previously held that the district court erred in concluding that an Arizona state court had adjudicated Michael's Hague Convention claim. *See Kline v. Kline*, 308 Fed. App'x 189, 190 (9th Cir. 2009). We remanded so the district court could hold a hearing to determine habitual residence and wrongful removal under the Hague Convention. *Id.*

The district court held the evidentiary hearing, and concluded that the children were habitually resident in Scottsdale, Arizona. The district court held that, as a result, Dena's removal of the children from Puerto Peñasco, Mexico to Scottsdale was not wrongful.

"[W]e accept the district court's historical or narrative facts unless they are clearly erroneous, but exercise plenary review of the court's choice of and interpretation of legal precepts and its application of those precepts to the facts."

2

*Papakosmas v. Papakosmas*, 483 F.3d 617, 622-23 (9th Cir. 2007) (internal quotation marks omitted).

"After scrutinizing the circumstances of a particular case, we must determine whether the discrete facts add up to a showing of habitual residence. The habitual residence analysis is thus a mixed question of fact and law, under which we review 'essentially factual' questions for clear error and the ultimate issue of habitual residency de novo." *See Holder v. Holder* (*Holder II*), 392 F.3d 1009, 1015 (9th Cir. 2004).

"We review the district court's evidentiary decisions for abuse of discretion, and the appellant is required to establish that the error was prejudicial." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1110 (9th Cir. 2011) (internal quotation marks and alterations omitted).

After carefully considering Michael's brief and the record, we conclude that the district court did not clearly err in its fact-finding.[1] In particular, Michael's version of the events contradicted Dena's, and the district court discounted Michael's version as it did not find him credible.

Considering all of the facts of the case, we agree with the district court that the children's habitual residence was Scottsdale, Arizona when Dena removed

---

[1] Dena did not file an answering brief in this appeal.

them from Puerto Peñasco, Mexico in October of 2005. As a result, the removal of the children was not wrongful.

We hold that Dena's sworn statement made in connection with her application for a student visa under 8 U.S.C. § 1101(a)(15)(F) does not preclude a finding that the children have a habitual residence within the United States.

The district court did not abuse its discretion in making its evidentiary rulings, and, in any event, Michael has failed to demonstrate that he was prejudiced. We conclude that the district court properly relied upon binding precedent, including *Mozes v. Mozes*, 239 F.3d 1067 (9th Cir. 2001), in reaching its conclusion. Michael's remaining arguments are unavailing.

**AFFIRMED.**